WESTERN DIST.
*September*, 1834.

M'DANIEL.
*vs.*
INSALL.

## M'DANIEL *vs.* INSALL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A waiver of the right to have the evidence taken down by the clerk, is not a waiver of the right to have a statement of facts, so as to enable the party to prosecute an appeal.

Where there is not such a statement of facts, as the Code of Practice requires, and the evidence not sufficiently complete to enable the court to examine the case on its merits, yet, when justice requires it, the case will be remanded for a new trial.

This is an action to recover the value of a slave, hired by the plaintiff, to the defendant, and which the former alleges, was lost by the negligence and misconduct of the latter. The petition charges, that he hired a negro girl, about eighteen years of age, to the defendant for a year, that about nine months afterwards the girl became sick, of bilious fever, on the defendant's plantation, who neglected to have her properly attended to, or to send for a physician, or to give her any medicine, or notify the plaintiff of her condition, for about *seven* days, when she had continued to get worse daily, and

31

sunk so low in disease, that it was impossible to save her. He charges the defendant with gross negligence in not calling in medical aid, and notifying him of her condition. He prays judgment for seven hundred dollars, as the value of said slave.

The defendant pleaded a denial; reserving his right to spread on the record afterwards, more fully, his matter of defence.

At the trial, the plaintiff obtained leave of the court, to amend his petition by adding two interrogatories, to be answered by the defendant, in open court, which was objected to, but no bill of exceptions taken.

1. Did not the plaintiff hire to you the negro woman mentioned in the petition? If yea, at what time, and for how long, and for what price?

2. Did not the said negro woman belong to the plaintiff, and had he not had possession of her for some time before he hired her to you?

The defendant refused to answer the interrogatories.

On the trial, the depositions of several witnesses, taken on interrogatories, propounded by the parties, were read. The testimony showed, that the defendant employed the slave on his plantation as a cook, and in the month of September, she was taken sick of a bilious fever, and was put in a cabin about one hundred yards from the dwelling house. The witnesses state they do not know how she was treated, but that the defendant, was not a cruel or bad master. One witness swears, that the defendant sent word by him to the plaintiff, that his negro was sick, which message, he delivered. It appeared that the slave was sick a few days before the defendant notified the plaintiff of it, and that she died four or five days after the plaintiff took her home, of bilious inflammatory fever.

The testimony of two witnesses, who testified orally, was not taken down by the clerk. The presiding judge took brief notes of their testimony, to enable him to charge the jury.

*Singleton,* one of the witnesses alluded to, states the girl took sick on Monday, and word was sent on Sunday follow-

ing, to the plaintiff; she kept about, worked some, but still complained, she cooked, washed and worked out. He bled her on Tuesday, by defendant's direction. Heard defendant tell the servants to ask her what she wanted. It was a sickly time. Defendant was at home all the time of her illness; paid little attention to his own slaves when sick. On Saturday she got worse. She was pregnant. On Sunday sent for Mr. O'Bannon to see her, and notified plaintiff, sent for no physician, and no medicine was given to her. He gave medicine to his own slaves when sick. He expressed a wish to send the slave home, but witness does not recollect on what day.

The evidence further showed, that the plaintiff did not call a physician, for four or five days after he took the slave home. The doctor testifies, he was called in about ten hours before she died; when he first saw her, she was in a state of insensibility, her extremities cold.

The jury returned a verdict for the plaintiff, of three hundred dollars. The defendant's counsel moved for a new trial, on the ground, that the verdict was contrary to law and evidence.

The judge's charge to the jury, was in substance, that "if defendant's neglect was such, as to convince the jury, that it was the cause of her death, he is responsible; but not else."

The motion for a new trial was overruled, and judgment rendered in conformity to the verdict. The defendant appealed.

*Lewis,* for the plaintiff and appellee, moved to dismiss the appeal. 1. Because there is no statement of facts, or bill of exceptions in the record. 2. There is no certificate of the judge who tried the cause, nor of the clerk, *certifying* that *all* the evidence on which the cause was tried, is in the record. 3. Because the whole of the evidence on whicn the cause was submitted to the jury, was not taken down by the clerk, &c.

*Linton,* for defendant and appellant, at the same time, presented a petition, praying for a *mandamus* to the district

judge, requiring him to show cause, why he will not make a statement of the evidence of John Singleton, a witness, examined in the trial of the cause, whose testimony was not taken down in writing by the clerk, &c.

The court ordered the *mandamus* to issue accordingly.

The district judge showed for cause, that he was unable to make any other statement of facts, of the testimony of said witness, further, than what was contained in his notes, taken on the trial, to aid him in charging the jury. That he cannot return his notes as a complete statement of facts, but annexes them to this answer. He further answers and says, that at the trial, the counsel *for both* parties, expressly waived their right, to have the testimony taken down by the clerk, from which, he inferred no statement of facts would be called for; that if he had had the slightest intimation that he would have been called on for a statement of facts, he would have had the testimony taken down by the clerk, or have taken full notes of it himself. He further says, that it was several days after the trial, when he was called on for the first time, for a statement of facts, when it was impossible for him to recollect the testimony given on the trial of the cause, except so far as contained in his notes; that he handed his notes to the defendant's counsel, telling him that it was the only statement of facts then in his power to make.

The clerk certified to all the other evidence, being in the record.

*Lewis,* for the plaintiff, moved to dismiss the appeal.

1. Because there is no statement of facts or certificate of the judge, as required by *Code of Practice, art.* 586. 4. *La. Reports,* 8. 3 *La. Reports,* 454, *and authorities there cited.*

2. Defendant by not causing *all* the testimony to be taken down in the court below, has lost his right to have the cause reviewed in the Supreme Court. *Code of Practice, art.* 601.

*Linton, contra.*

*Bullard J.*, delivered the opinion of the court.

In this case, the appellant moved for a *mandamus* against the judge, before whom the trial was had, directing him to make a statement of facts, or to show cause why he does not. The judge in his return shows for cause, for not making a complete statement of facts, that at the trial, both parties expressly waived the right of having the evidence taken down by the clerk, and he concluded from that circumstance, that a statement of facts, would not be called for; that he cannot recollect the evidence, except so far as contained in his notes taken on the trial, which accompany the return; and which he says, were taken merely for his own satisfaction, and to enable him to charge the jury.

The attorney for the appellant, applied to the plaintiff's attorney, to agree with him on a statement of facts, in due time. It was declined and application made to the judge. A waiver of the right to have the evidence taken down by the clerk, is not, in our opinion, a waiver of the right to have a statement of facts, so as to enable the party to prosecute an appeal. The record does not furnish us such a statement of facts, as the Code of Practice requires, and the case cannot be examined in this court, on the merits. Justice requires, that it should be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, the verdict set aside, and the case remanded for a new trial, and that the appellee pay the costs of the appeal.

---

WESTERN DIST.
*September*, 1834.

M'DANIEL
*vs.*
INSALL.

A waiver of the right to have the evidence taken down by the clerk, is not a waiver of the right to have a statement of facts so as to enable the party to prosecute an appeal.

Where there is not such a statement of facts as the Code of Practice requires, and the evidence not sufficiently complete to enable the court to examine the case on its merits, yet, when justice requires it, the case will be remanded for a new trial.